UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVIDA PAPPAS, on her own behalf
And on behalf of her son and ward,
NICHOLAS PAPPAS

      Plaintiffs,

v.

Case No: 12-12952
Honorable Victoria A. Roberts

OLGA DAZZO, individually and in her
Official capacity as Director of the State of
Michigan Department of Community Health

STEPHEN FITTON, individually and in his
Official Capacity as Medicaid Director of the
State of Michigan Medical Services
Administration

EDITH KILLINS, individually and in her
Official capacity as Director of the
Detroit-Wayne County Department of
Health and Human Services

DAVID PANKOTAI, individually and in his
Official Capacity as Executive Director of
Consumer Link Network

SHEILAH CLAY, individually and in her
Official capacity as President and CEO
Of Neighborhood Services Organization

PENNY THOMAS, individually and in her
Official capacity as Director of
Neighborhood Service Organization
Life Choices Unit

SAMUEL MARANO, individually and in his
Official Capacity as Program Supervisor of
Neighborhood Service Organization Life
Choices Unit

1

SHEILA SHIPPINGS, individually and in her
Official capacity as representative of
Detroit-Wayne County Department of Health
And Human Services, Consumer Link Network,
And Neighborhood services Organization

      Defendants Jointly and Severally :
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**I. INTRODUCTION**

      This matter is before the Court on Defendants' Motions to Dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).

      Plaintiffs are Nicholas and Davida Pappas. Defendants are (1) Olga Dazzo, Director of the State of Michigan Department of Community Health; (2) Stephen Fitton, Medicaid Director of the State of Michigan; (3) Edith Killins, Director of the Detroit-Wayne County Department of Health and Human Services ("Department of Health"); (4) David Pankotai, Executive Director of Consumer Link Network ("CLN"); (5) Sheilah Clay, President and CEO of Neighborhood Service Organization ("NSO"); (6) Penny Thomas, Director of NSO Life Choices Unit; (7) Samuel Marano, Program Supervisor of NSO Life Choices Unit; and (8) Sheila Shippings, Representative of the Department of Health, CLN, and NSO.

      Plaintiffs bring suit against Defendants for unlawfully terminating Mr. Pappas's 1:1 enhanced staffing, which included twelve hours of Community Living Supports ("CLS") staffing during the week, and four hours on the weekends.

      Defendants filed four separate motions to dismiss.

      The Court finds that Plaintiffs' claims are barred by the Michigan Administrative Procedures Act M.C.L. § 24.303(1), *res judicata* and the *Rooker-Feldman* doctrine.

Defendants' motions to dismiss (Doc. #s 16, 18, 25 and 31) are **GRANTED.**

## II. BACKGROUND AND PROCEDURAL HISTORY

Mr. Pappas is a 41-year-old man suffering severe mental retardation, cerebral palsy, osteoporosis, and seizure disorder. Because of his health issues, his mother, Davida Pappas, obtained guardianship over Mr. Pappas.

In 2009, Mr. Pappas began receiving treatment from the Department of Health through its contractors CLN and NSO. His original treatment plan provided 1:1 enhanced staffing for twelve hours a day during the week, and four hours on the weekends. The plan was set to expire on October 5, 2010. On July 30, 2010, Defendants sent Plaintiffs a letter informing them that Mr. Pappas's 1:1 enhanced staffing would be unilaterally terminated. Defendants claimed that the "CLS protocol has been changed." The termination took effect on August 15, 2010.

Plaintiffs contested the termination. Administrative Law Judge ("ALJ") Malewska found that "the Department's decision to eliminate the 1:1 enhanced staffing was neither supported in the record . . . nor was it based on any credible assessment of reduced medical necessity." Accordingly, he reversed the termination of 1:1 enhanced services. He did not, however, address Plaintiffs' request for attorney's fees and costs. Plaintiffs then filed a Motion for Clarification of Order and for Award of Attorney's Fees and Expenses. On May 7, 2012, Administrative Law Manager Martin Snider characterized Plaintiffs' Motion as a Request for Rehearing. Snider concluded that the tribunal did not have the authority to award attorney's fees under the relevant statutory scheme.

Unsatisfied with this decision, Plaintiffs filed a seven-count complaint with this Court: Count One, review of the administrative hearing decision; Count Two, violation of the Social Security Act; Count Three, violation of the Fourteenth Amendment; Count Four, violation of

§504 for the Rehabilitation Act and violation of Title II of the ADA; Count Five, conspiracy to violate Plaintiffs' civil rights; Count Six, violation of Michigan Persons with Disabilities Civil Rights Act; Count Seven, claim for reimbursement of reasonable attorney's fees, costs, and pre- and post-judgment interest.

Defendants seek dismissal of the complaint in its entirety.

### III. STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Davis H. Elliot Co. v. Caribbean Utilities Co.,* 513 F.2d 1176, 1182 (6th Cir. 1975). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (1955).

To determine whether the plaintiff has set forth a plausible claim, the Court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). However, the Court need not accept as true any legal conclusions or unwarranted factual inferences. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976). The Court may consider the pleadings, the exhibits attached to the complaint, and documents referred to in the complaint that are central to the plaintiff's claim. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th

Cir. 1999); *Richmond Transp., Inc. v. Departmental Office of Civil Rights of U.S. Dept. of Transp.*, 11–13771, 2012 WL 1229947 (E.D.Mich. Apr.12, 2012). When reviewing a motion to dismiss, the district court may not consider matters beyond the complaint. *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir. 2008).

**IV. APPLICABLE LAW AND ANALYSIS**

The Court finds Plaintiffs' claim barred by the Michigan Administrative Procedures Act ("APA") M.C.L. § 24.303(1), the *Rooker-Feldman* doctrine, and *res judicata*.

**A. Count One Is Barred By The APA And The *Rooker-Feldman* Doctrine**

Plaintiffs ask the Court to review the State's final administrative decision denying attorney's fees. The Court finds no authority to do so; only state circuit courts have jurisdiction over this type of appeal under the APA set forth in M.C.L. § 24.303(1): "(1) Except as provided in subsection (2), a petition for review shall be filed in the circuit court for the county where petitioner resides or has his or her principal place of business in this state, or in the circuit court for Ingham County."

Further, the *Rooker-Feldman* doctrine dictates abstention. The *Rooker-Feldman* doctrine says that federal courts must not become a court of appeals for state court decisions and should not sit in direct review of state court decisions unless Congress has specifically authorized such relief. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983). The Plaintiff must either find a state court remedy, or obtain relief from the U.S. Supreme Court. *Feldman,* 460 U.S. at 485. Therefore, this Court cannot overrule any decision that the ALJ or a reviewing state circuit court made or could have made.

**B. All Other Counts Are Barred By *Res Judicata***

5

Plaintiffs allege various violations of state and federal law. All of these claims are barred by *res judicata*. *Res judicata* prevents parties or their privies from re-litigating issues that were or could have been raised in a previous action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Its purpose is to reduce "the cost and vexation of multiple lawsuits, conserve judicial resources," and to prevent "inconsistent decisions." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 840 (6th Cir. 1997) (citing *Montana v. United States*, 440 U.S. 147, 153–54 (1979)).

In Michigan, *res judicata* applies where the moving party shows that (1) both causes of action arise from the same subject matter; (2) both causes of action involve the same parties or their "privies"; and (3) the first cause of action was a final judgment on the merits. *In re Koerneke Est*, 169 Mich. App. 397, 399 (1988). All three requirements are met here: the subject matter and parties are identical, and ALJ Malewksa's decision is a judgment on the merits.

Further, the Michigan Court of Appeals held that a claimant may not file a civil complaint to circumvent a requirement that he or she exhaust available administrative remedies. In *Womack-Scott v. Dep't of Corr.*, 246 Mich. App. 70. (2001), the Court explained that "a party aggrieved by a ruling of the [an administrative proceeding] cannot file an independent action to seek redress of the claims made during the administrative process, but rather must pursue those claims through a direct appeal to the circuit court pursuant to the APA." *Womack*, 246 Mich. App. at 80. The *Womack* Court also held:

> To the extent that plaintiff suggests that she is entitled to file a separate cause of action in the circuit court to address the constitutional issue over which the administrative agency had no jurisdiction, we find her claim without merit. This Court has explained that when a constitutional issue is intermingled with issues properly before an administrative agency, exhaustion of administrative remedies is not excused. *Id.*

Plaintiffs' efforts to couch their claims in constitutional terms cannot circumvent APA procedure: "[i]f there are factual issues for the agency to resolve, the presence of a constitutional issue, or the presence of an argument couched in constitutional terms, [that] does not excuse the exhaustion requirement even if the administrative agency would not be able to provide all the relief requested." *Id.* at 80-81 citing *Michigan Supervisors Union OPEIU Local 512*, 209 Mich. App. 573, 578 (1975) (citations omitted); *see also Reiter v. Cooper,* 507 U.S. 258, 269 (1993);

The state administrative decision and available mandated appeal process addressed all issues raised or that could have been raised by Plaintiffs. The only appealable issue left for Plaintiffs was Snider's denial of attorney's fees, which, again, could only have been appealed to the appropriate state circuit court under M.C.L. § 24.303(1).

## V. CONCLUSION

Plaintiffs' claims are barred by the APA, the *Rooker-Feldman* doctrine, and *res judicata*. Defendants' motions to dismiss are **GRANTED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 15, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 15, 2013.

s/Linda Vertriest
Deputy Clerk

7